# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT J. TROKAN,**

           **Petitioner,**

      v.                                      Case No.     05-C-1045

**PAMELA WALLACE,**
**Warden, Stanley Correctional Institution,**

           **Respondent.**

## DECISION AND ORDER

On October 3, 2005, the petitioner Robert J. Trokan ("Trokan") filed his habeas petition pursuant to 28 U.S.C. § 2254. Trokan's petition states that on April 23, 1993, judgment was entered against him in Washington County, Wisconsin, for counts of burglary and arson. He was sentenced to 37 years in prison. He did not appeal his sentence.

In his instant habeas petition, Trokan seeks relief based on an alleged constitutional deprivation related to a post-conviction motion. Previously, in November 2001, Trokan filed a motion, pursuant to Section 974.06 of the Wisconsin Statutes, in Washington County Circuit Court. In that motion, he sought modification of his sentence based on the law regarding "new factors." Specifically, Trokan claimed that the sentencing court failed to consider the effects of a head injury he sustained in 1985 and its contribution to his subsequent criminal conduct. Trokan's motion to modify his sentence was denied. In a

decision dated June 9, 2004, the Wisconsin appellate court affirmed the decision of the circuit court. The Supreme Court of Wisconsin denied Trokan's petition for review. Now before the Court are Trokan's habeas petition for Rule 4 review and his motion requesting appointment of counsel.

First, the Court considers Trokan's request for legal representation. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (citing *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982)). This Court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e). The threshold requirement for appointment of counsel under § 1915(e) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.* Once this initial requirement is met, the Court, in exercising its discretion with regard to a plaintiff's request, must address the following question: "given the difficulty of the case, did the plaintiff appear to be competent to try [the case] himself, and, if not, would the presence of counsel have made a difference in the outcome. *Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993).

Trokan has neither established his indigence nor made any showing that he has attempted to obtain counsel before seeking appointment by the Court. Thus, Trokan's motion for appointment of counsel must be denied. The Court now turns to consider the pending petition.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts instructs judges to "promptly examine" habeas petitions and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Habeas relief will be granted if a state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Relief may also be obtained when the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Trokan's habeas petition contains only one ground. Trokan explains that, when considering his motion to modify sentence, the Wisconsin circuit court agreed to undertake a bifurcated approach. An initial evidentiary hearing was scheduled to address only whether Trokan's injury was a new factor. If a new factor was established, the court planned to hold a second hearing to present additional evidence "concerning Trokan's current psychological

3

condition, social adjustment, and prison conduct." (Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ["Petition"] at 6-7.)

Trokan claims a deprivation of due process because the court did not adhere to its bifurcated agenda and hold a second hearing even though it found that Trokan's head injury constituted a new factor. Relying on the court's stated intent to proceed in bifurcated fashion, Trokan claims that he did not present certain witnesses and testimony at the first hearing that would have shown that he was "no longer a dangerous person." (Petition at 7.) Furthermore, when the court failed to hold the second hearing, Trokan was unable to present additional evidence concerning his "current psychological condition, social adjustment, and prison conduct." (*Id*.) In sum, a second hearing would have allowed Trokan to demonstrate that the new factor frustrated the intent of his original sentence. (*Id*.)

The first question before this Court is whether Trokan's action, though labelled a habeas petition, is cognizable under § 2254. Trokan, in his request for relief, asks this Court to order a second hearing. Thus, literally read, Trokan is not attacking his conviction or asking for a remedy that affects the fact of his imprisonment or the duration thereof. Is such a claim for relief appropriate under the habeas statute? A line of cases has addressed this question in various forms. Most recently, the Supreme Court, in *Wilkinson v. Dotson*, considered whether prisoner challenges to state parol procedures were cognizable under 42 U.S.C. § 1983. The Court stated that

> Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar

4

> state) remedies when they seek to invalidate the duration of their confinement–either directly through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.

125 S.Ct. 1242, 1247 (2005). Differentiating the spheres of § 1983 and habeas actions, the Court noted that success for the § 1983 movants did not "mean immediate release from confinement or a shorter stay in prison." The Court concluded that "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus.'" *Id.* (citation omitted). Justice Scalia concurred, stating that "to say that the habeas statute authorizes federal courts to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody . . . would utterly sever the writ from its common-law roots." *Id.* at 1250. (Scalia, J., concurring).

If Trokan's petition is not within the realm of habeas, what relief is available and through what vehicle, if, as he alleges, he suffered a violation of his federal constitutional due process rights? Suit against the state judge, though possible under § 1983, would likely run against the bar of absolute immunity. *See Dawson v. Newman*, 419 F.3d 656 (7th Cir. 2005). Perhaps, Trokan's petition is really a Section 1983 request for injunctive relief, which is not entirely foreclosed by the shield of immunity. *See Pulliam v. Allen*, 466 U.S. 522 (1984).

Other courts have addressed claimed constitutional violations in the adjudication of motions to reduce under the rubric of habeas actions. The Court, in this instance, finds that Trokan's petition is most properly characterized as one pursuant to § 2254. Trokan, in the

5

end, contests the state circuit court's decision. Thus, he declares the necessity of a second hearing so that he may show that the new factor "<u>did</u> frustrate the intent of the original sentence." (Petition at 7.) Put another way, Trokan claims that a defect in state court proceedings prevented the appropriate modification of his sentence. This attempt comes within the purview of a challenge to the duration of his sentence and within 28 U.S.C. § 2254. The Court is further satisfied that Trokan is in state custody pursuant to a judgment of the state court (see 28 U.S.C. § 2254(a)), and that he has exhausted his state remedies by appealing the circuit court's decision and seeking a petition for review from the Supreme Court of Wisconsin.

Under Wisconsin law, a defendant may seek a modification of his sentence based on the existence of a new factor not considered by the sentencing court. The defendant must demonstrate this new factor by clear and convincing evidence. *State v. Franklin*, 434 N.W.2d 609, 611 (1989). This showing involves two considerations. First, the defendant must point to

> a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because even though it was then in existence, it was unknowingly overlooked by all of the parties.

*State v. Hegwood*, 335 N.W.2d 399, 401 (Wis. 1983) (quoting *Rosado v. State*, 234 N.W.2d 69 (1975)). Second, the defendant must show that the new factor "frustrates the purpose of the original sentence." *State v. Michels*, 441 N.W.2d 278, 280 (Wis. Ct. App. 1989). The new factor must strike "at the very purpose for the sentence selected by the trial court." *Id*.

6

"Whether a new factor warrants a modification of sentence rests within the trial court's discretion." *Hegwood*, 335 N.W.2d at 401.

Trokan asks this Court to order a second hearing so that he may demonstrate the impact or effects of the new factor and how it frustrates the purposes for which he was sentenced. He does not state that the trial court's substantive legal reasoning was erroneous, although he obviously thinks that the court's decision would have been different if Trokan had been given the opportunity to present further evidence. His is essentially a structural or formal challenge.

Section 974.06 of the Wisconsin Statutes governs post-conviction motion procedures. That section requires courts to grant prompt hearings to movants challenging their sentences. Wis. Stat. § 974.06(c). However, there is nothing in the statute to suggest that a movant has an inherent right to multiple hearings. Trokan, however, may be alleging that the court bound itself when it proposed bifurcated hearings. Following through on this line of thought, the court's failure to hold the second hearing might be tantamount to an arbitrary abandonment of those procedures that had been agreed to previously. Such a position, however, must fail because courts have discretion to modify proceedings as they deem necessary. In the present instance, if the circuit court found that the first hearing answered the relevant legal and factual questions presented, it was under no obligation to proceed with the planned second hearing. The judge's decision to modify the procedure he established, even if it did contravene state law, does not violate the federal Constitution. *See Gilmore v.*

7

*Taylor*, 508 U.S. 333 (1993); *Estelle v. McGuire*, 502 U.S. 62 (1991); *Pulley v. Harris*, 465 U.S. 37 (1984); *Smith v. Phillips*, 455 U.S. 209 (1982). Accordingly, Trokan cannot obtain collateral relief.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Trokan's Motion to Appoint Counsel (Docket No. 2) is **DENIED**.

Trokan's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated at Milwaukee, Wisconsin this 18th day of November, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**